Paul L. Smith, Inc., Ervin L. Hare & Genevieve W. Hare, his wife, Baycrest Homes, Inc. & York County Builders, Appellants *v.* Southern York County School District, Appellee.

228

Argued March 7, 1979, before President Judge Bowman and Judges Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle and MacPhail. Judges Crumlish, Jr. and Craig did not participate.

*J. Richard Oare* and *Leo E. Gribbin, Jr.,* with them, *Stetler & Gribbin,* for appellants.

*Howell C. Mette,* with him *Jeffrey C. Bortner, Jack M. Stover,* and *Shearer, Mette and Woodside,* for appellee.

OPINION BY JUDGE MACPHAIL, July 13, 1979:

On May 26, 1977, the Southern York County School District (District) adopted a Residential Construction Tax Resolution (Resolution) for general revenue purposes imposing a tax of $875.00 on (1) the privilege and transaction of applying for a building permit from any municipality to construct a residence or to convert an improvement to realty into a residence within the District and (2) the privilege and transaction of constructing a residence or converting an improvement to realty into a residence within the District where a municipality within the District does not require a building permit. The obligation to pay the tax is imposed upon the legal owner of the real estate upon which the construction or conversion occurs. The District estimates that it will obtain approximately $75,-000.00 in revenue from the tax.

On July 1, 1977, Paul L. Smith, Inc., the York County Builders Association, Baycrest Homes, Inc. and Ervin L. and Genevieve W. Hare (collectively, Appellants) filed a complaint in equity in the York County Court of Common Pleas seeking to enjoin collection of the tax. In a comprehensive opinion the complaint was dismissed by the York County Court of Common Pleas and Appellants appealed to us contending that: (1) the Resolution violates the equal protection and due process clauses of the fourteenth amendment to

the United States Constitution; (2) the Resolution violates the uniformity clause of the Pennsylvania Constitution; and (3) the lower court erred when it refused to determine the validity of the Resolution under Section 6 of The Local Tax Enabling Act (Act), Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6906.

Appellants contend that the Resolution violates the equal protection clause of the United States Constitution because it arbitrarily and unreasonably discriminates between those who acquire residences by purchasing existing residences in the District and those who acquire residences in the District by construction or by conversion of nonresidential structures. It is well established that the Commonwealth and its political subdivisions are subject to the requirements of equal protection and uniformity in the exercise of the taxing power. *Allied Stores of Ohio, Inc. v. Bowers,* 358 U.S. 522 (1959). However, the taxing authority must, by necessity, possess wide discretion for purposes of taxation of various businesses or occupations. *Commonwealth v. Life Assurance Co. of Pennsylvania,* 419 Pa. 370, 214 A.2d 209 (1965). The equal protection clause imposes no iron rule of equality prohibiting that degree of flexibility and variety appropriate to reasonable schemes of taxation. *Commonwealth v. Life Assurance Co. of Pennsylvania, supra.*

> So long as the classification imposed is based upon some standard capable of reasonable comprehension, be that standard based upon ability to produce revenue or some other legitimate distinction, equal protection of the law has been afforded. . . .
>
> In terms of our previous decisions and the decisions of the Supreme Court of the United States the essential question in testing the validity of such measures . . . is whether the dis-

tinctive treatment accorded rests upon substantial differences between the subjects so classified . . . [a]nd where distinctions rest upon differences recognized and acted upon by the business world, it is not within the province of the courts to intrude. . . . So long as the classification is neither capricious nor arbitrary, there is no denial of the equal protection of the law.

*Id.* at 378-79, 214 A.2d at 215 (citations omitted).

Appellants argue that the classification in the instant Resolution bears no fair and substantial relation to the legislative object or purpose. The purpose of the Resolution as stated in the Resolution of intent to adopt it is to raise additional revenue for general school purposes. Where the taxing authority seeks to raise revenue, it need not justify any distinction drawn between the taxed and nontaxed as long as some other reasonable basis for treating the various classes differently exists. *Commonwealth v. Life Assurance Co. of Pennsylvania, supra.* Here, the District argued and the learned trial judge agreed that "a substantial increase in residential housing over a period of time will result in a significant increase in student population which will in turn require expansion of plant, more teachers, and more supplies, with all of these additions also subject to the inflationary factors now in effect." We concur with the lower court and find that there is a reasonable basis for the classification in the instant Resolution.

Appellants also contend that the classification creates a constitutionally impermissible imposition of burdens because it imposes the entire burden of the tax on owners of new residences while the benefit from the tax is general to all taxpayers in the District. Although it is obvious that the burden of the tax falls

upon the owners of new homes, it seems self-evident that the additional new homes create the need for the additional school services which the additional revenue is intended to finance. To state it another way, absent new residential construction, the need for additional school facilities and personnel would be unlikely. Accordingly, the additional services provided by the additional revenue will principally benefit the new home owners. Moreover, the Constitution does not require that benefits be exactly proportional to burdens or that every taxpayer actually receive a direct benefit. *Detroit Edison Co. v. East China Township School District No. 3,* 247 F. Supp. 296 (E.D. Mich. 1965). Finally, a tax classification, although discriminatory, also does not violate the equal protection clause if any state of facts can be conceived that would sustain it. *Jones and Laughlin Tax Assessment Case,* 405 Pa. 421, 175 A.2d 856 (1961). Although not everyone who acquires a residence by construction or conversion will add to the student population of the District, certainly some will, and none will decrease the student population. On the other hand it is reasonable to assume that on the average the transfer of existing residences will not add to the student population. Thus the Resolution is a reasonable method of imposing the costs of transactions and privileges which will increase the cost of the District upon those benefiting from the transactions and privileges. Accordingly, we hold that the Resolution does not deny Appellants equal protection.

Appellants argue that the tax confiscates their property in violation of their due process rights because those who construct residences or convert properties receive no benefit from the District as a result of paying the tax that those who purchase existing residences do not also receive without paying the tax.

Initially, we observe that new home owners bringing more children into the District will indeed benefit from the tax by virtue of the fact that there will be adequate school facilities and personnel funded principally by the proceeds from the new tax. Additionally, the fact that the District must provide free public education, Pa. Const. art. III, §14, also means that the District must find means to finance that education. There is no more of a "taking" by the enactment of this tax than there is when either non-residents or residents without children who own real estate in the District pay real estate taxes to the District. Appellants' argument is a novel one for which neither they nor we can find any basis in the law. We hold that there has been no violation of the Appellants' due process rights.

Appellants argue that the Resolution violates the uniformity clause of the Pennsylvania Constitution because it imposes a property tax which is not assessed on an ad valorem basis. We disagree. *Wanamaker v. Philadelphia School District,* 441 Pa. 567, 274 A.2d 524 (1971), is controlling on this issue. In *Wanamaker* our Supreme Court held that a business use and occupancy tax which, among other things, imposed a tax on an owner's use of his realty was a valid privilege tax on the use of the realty. Similarly, the instant tax is a tax on an owner's privilege of using his realty as a location for his residence. Therefore, the tax does not violate the uniformity clause.

Finally, Appellants argue that the lower court erred when it decided that Section 6 of the Act does not apply to their complaint in equity and refused to determine whether the Resolution was "unreasonable and excessive" under that section. Section 6 authorizes appeals by a specified number of taxpayers within thirty days from the time of the adoption of a tax resolution where a bond in the sum of $500.00 is filed. That

procedure was not followed by Appellants here. Appellants mistakenly rely on *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975), for the proposition that the reasonableness and excessiveness tests of Section 6 apply to all challenges to taxes enacted under the Act, regardless of whether the procedures prescribed in Section 6 are followed. *Wm. Penn* merely held that Section 6 does not preclude amendment of a petition after the expiration of the thirty day limit for the filing of an appeal. Our Supreme Court did say that Section 6 was not the only means of challenging the validity of a taxing ordinance. However, the alternatives suggested by the Court were an action for a refund or an action in equity, citing *Borough of Green Tree v. Board of Property Assessments, Appeals and Review of Allegheny County,* 459 Pa. 268, 328 A.2d 819 (1974), which case was limited to *constitutional* challenges. Nothing in the language of Section 6 or in the cases cited by Appellants suggests that, except in an appeal filed in compliance with Section 6, a court may declare that an ordinance is invalid because it is excessive or unreasonable under Section 6 standards. Since Appellants' complaint in equity was not brought in compliance with Section 6, the lower court did not err when it refused to determine the reasonableness and excessiveness of the Resolution under Section 6 standards.

We affirm.

ORDER

AND Now, this 13th day of July, 1979, the order of the Court of Common Pleas of York County, dated April 6, 1978, dismissing Appellants' complaint is affirmed.